## LIZZIE RANDLE v. STATE.

### [62 South. 428.]

1. CRIMINAL LAW. *Indictment. Duplicity. Verdict.*

Where a defendant is tried upon an indictment charging two offenses in the same count, but the state confined the evidence to one of such offenses only, he cannot, after verdict, complain of duplicity in the indictment.

2. SAME.

Where an indictment is bad for duplicity in charging two offenses in one count, the prosecuting officer may enter a *nol pros*, as to one charge before trial, and a conviction upon the remaining charge will be good, or the prosecutor may be held to make his election upon which charge he will proceed, which is equivalent to entering a *nol pros*, as to the other charge.

APPEAL from the circuit court of Chickasaw county. HON. H. K. MAHAN, Judge.

Lizzie Randle was convicted of mingling poison with food with intent to kill and appeals.

The facts are fully stated in the opinion of the court.

*N. W. Bradford,* for appellant.

The indictment is clearly bad for duplicity. It charges two separate and distinct felonies with different penalties in the same count. It is based upon sections 1330 and 1331 of the Revised Code of 1906, and contains every element necessary to constitute the offense defined in each. The practice of joining two or more distinct offenses in the same count in an indictment has been repeatedly condemned by this court. *Clue* v. *State,* 78 Miss. 661; *State* v. *Stacks,* 26 So., not officially reported; *Jamison* v. *State,* 93 Miss. 685; *State* v. *Freeman,* 90 Miss. 315; *Breeland* v. *State,* 79 Miss. 327; *State* v. *Walker,* 88 Miss. 592.

The first instruction to the jury for the state is erroneous, 1st, because it falls short of the allegations in the indictment; 2nd, because it is in direct conflict with the only instruction given for the defense.

The evidence is insufficient to support the verdict of the jury. It fails to establish any notice sufficient to impel the accused to commit the crime or crimes alleged in the indictment. The poisonous character of the ''green stuff'' testified to as having been seen in the vomit of Annie Allen is not sufficiently established. No physician was summoned to attend Annie Allen; no chemical analysis of the green substance observed in her vomit was had, and its results are insufficient to stamp it as a known and recognized poison. *Osborne* v. *State,* 64 Miss. 320; *Stanley* v. *State,* 82 Miss. 498.

For these reasons I submit that the judgment of the lower court should be reversed.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

The counsel for appellant assigns three grounds of error:

First. The court erred in overruling defendant's demurrer to the indictment;

Second. The court erred in granting the first instruction for the state;

Third. The court erred in overruling defendant's motion for a new trial.

The demurrer assumes the proposition that the indictment charges both offenses denounced by sections 1330 and 1331 of the Code. The court proceeded on the theory that the case fell under the terms of section 1331. Counsel states in his brief that everything necessary to be charged in making a valid indictment under each section is charged in one count of the indictment and that it comes within the rule disallowing two counts for different grades of offenses to be brought in the same in-

dictment, or two separate offenses with different penalties.

Section 1330 of the Code is a section against a person who shall be convicted of having administered or caused, or procured to be administered any poison to any human being with intent to kill such human being, whereof death shall not ensue.

In Black's Dictionary, page 39, the words, "administer" is defined as follows: "In physiology and criminal law, to administer means to cause or procure a person to take some drug or some other substance into his, or her, system; to direct and cause a medicine, poison, or drug, to be taken into the system," citing 8 Ohio St. 131; 34 N. Y. 223; 11 Fla. 247; 1 Moody, 114; 23 Ohio St. 146.

It will also be noted that under this section, the clause, "whereof death shall not ensue," is an exception within the statute and must be negatived by proper plea. The two sections seem to have been drafted for the uniform purpose of checkmating the evil of poison. Section 1330 seems to contemplate prohibiting the taking of poisons as a medicine, or where the poison is administered to the person as a medicine or drug or is represented to be something other than a medicine and where death does not result from such taking. The original section in the Code of 1892 contained a clause that contemplated the actual taking of such medicine. I do not know whether that clause was omitted purposely or not but construction must be placed upon the statute so as to give each a scope sufficient to accomplish the particular purpose, and it was evidently not the purpose of the legislature to confine section 1331 simply to the mingling of poisons with food, or drug or medicine, where it was not given or placed for the other party to take.

The act, in this case, is a single act, and the one that the defendant was tried upon was the one most unfavorable to her, and I submit that if the indictment in seeking to

charge the offense under section 1331 stated things not required that still it would not be bad to allege that it was administered and taken. Under the former practice of this state, questions of this kind were raised by motion to quash, and on such motion, the state was expressly permitted by the decisions of the court to make an election as to which offense they would proceed under. Since the Code has required defects appearing on the face of the indictment to be presented by demurrer on them, I think that it would be within the power of the court to permit the state to make an election and proceed on the proper offense and that the effect of the proceeding in this case was a distinct election on the part of the state to proceed under section 1331.

Whenever the state elects an offenes under a given series of acts and proceeds to trial on that theory, it has elected and is bound by its election and the defendant could at any time, if afterwards put on trial, show this fact and it would be a complete and full answer to any further proceeding by the state, because the state would not be permitted to institute a prosecution with full knowledge of all the facts and prosecute that case to judgment and then on the same facts proceed under another theory or another charge where the first was tried on the merits, and it has been frequently decided in the courts of this state and elsewhere that such a plea of *res adjudicata* may be established by parol evidence.

In the case of *State* v. *Clark,* 52 So. 691, this section was construed and while this case does not present precisely the point presented in the case now under consideration, it has an important bearing on the case and decides that it is not duplicity or the charging of two counts in the same indictment to charge an intent to injure and an intent to kill.

In *Cannon* v. *State,* 22 So. 827, it is said:

"Where an indictment charges two distinct offenses but the state's evidence was directed to one count, a gen-

·eral verdict of guilty which was undoubtedly based on that count, will not be set aside.''

In the concluding paragraph of this opinion, the court said:

''If one of the counts had been bad (but in fact both were good) this general verdict would be referred to the count which was good and this count confessedly good was the one to which the state's evidence was directed and was undoubtedly the one on which the verdict was passed.''

I think this language is applicable to the present case and that the indictment is certainly defective, if not void, as charging any offense under section 1330, but that is a perfectly good indictment under section 1331.

The second assignment of error that the court erred in granting the first instruction for the state cannot be considered on this appeal because it was not brought before the court on the motion for a new trial. The motion for a new trial appears in the record at page 62 and is limited to the claim that the court erred in overruling the defendant's demurrer to the indictment; that the court overruled the second demurrer to the indictment; and, third, because the verdict was contrary to the law and the evidence. The court's attention must be called to this instruction and even if it was erroneous, the court would not now consider it because the appellant will be deemed to have waived any rights on it by not bringing it forward in the motion for a new trial under the line of authorities in this state dating back to the beginning of the government. I cite a few of them, as follows: *Barroum* v. *State,* 90 Miss. 88, 47 So. 480; *Day* v. *State,* 91 Miss. 239; *Richburger* v. *State,* 90 Miss. 806; *Carpenter* v. *Savage,* 93 Miss. 233, 46 So. 537.

Of course, the third assignment is covered in these and I deem it unnecessary for me to discuss it any further, and therefore submit the case to the court.

REED, J., delivered the opinion of the court.

It is contended in this case that the indictment is bad
for duplicity, in that it charges two separate and distinct
felonies, with different penalties, in the same count. The
two felonies which it is claimed are charged in the indict-
ment are those defined in sections 1330 and 1331 of the
Code of 1906. Section 1330 makes a felony, punishable
by imprisonment in the penitentiary for not less than
ten years, the administering of any poison to any human
being with intent to kill. Section 1331 provides that
every person who shall mingle any poison with food,
drink, or medicine, with intent to kill or injure any hu-
man being, shall be punished by imprisonment in the
penitentiary not exceeding ten years, or in the county
jail not exceeding one year, or by fine not exceeding one
thousand dollars, or both.

Omitting the formal parts, the following is the indict-
ment: "That Lizzie Randle, late of the county afore-
said, on the —— day of September, A. D. 1911, with force
and arms, in the county and district aforesaid, and with-
in the jurisdiction of this court, did unlawfully, felon-
iously, and maliciously mix and mingle a certain deadly
poison, to wit, paris green, then and there with a certain
food, to wit, molasses candy, and did then and there give
a portion of said molasses candy, after the same had had
the said poison mingled into and with the same, to one
Annie Allen, and she, the said Annie Allen, did then and
there eat of the said molasses candy after the same had
had paris green mingled into it, with then and there the
unlawful, willful, felonious, and malicious intent to in-
jure, kill, and murder the said Annie Allen, a human be-
ing."

The demurrer interposed by appellant to the indict-
ment, assigning as a cause that two separate and distinct
felonies were charged in the same count thereof, was
overruled. In substance there is charged in the indict-
ment that appellant mingled paris green, a poison, with

molasses candy, with intent to injure and kill Annie Allen, and that this candy, so poisoned, she then gave to Annie Allen, who ate it.

Admitting that we might conclude that two separate and distinct felonies provided by the statute are charged in this indictment, we do not believe that this can be deemed as error prejudicial to appellant. The record shows that appellant was arraigned on a charge of mingling poison, as provided in section 1331. Thereupon the case proceeded to trial on this charge. The testimony was addressed to such charge. The law as presented through the instructions of the court was made applicable thereto. The jury found the appellant guilty as charged, and she was sentenced for the offense defined in section 1331, and for a much less term than she could have been sentenced for, upon conviction of an offense under section 1330. She knew what the charge against her was when she was arraigned—that is, when she was called to the bar of the court to answer the matter charged against her in an indictment; and when she was called upon to answer guilty or not guilty, she knew that she was to be tried for mingling poison, and not administering poison, and throughout the entire trial, and when convicted and sentenced, this information was before her.

It is stated in 22 Cyc. 487, that "as a general rule duplicity in an indictment is cured by verdict; the jury being presumed to have found defendant guilty of one offense, and to have acquitted him of the other." Mr. Bishop, in his New Criminal Procedure (volume 1, page 273), in discussing the subject of duplicity in indictments, states that "a verdict convicting the defendant of one of the offenses and acquitting him of the other cures the defect," and that "a *nolle prosequi* of so much of the count as leaves a charge of one offense makes it right."

In the case of *State* v. *Merrill,* 44 N. H. 624, SARGEANT, J., in delivering the opinion of the court, said: "It is

held that duplicity in an indictment, whether in the same count or different ones, will be cured by a verdict of guilty as to one of the offenses, and not guilty as to the other. . . . But where an indictment is bad for duplicity, in charging two offenses in one count, the prosecuting officer may enter a *nol. pros.* as to one charge before trial, and a conviction upon the remaining charge will be good, or the prosecutor may be held to make his election upon which charge he will proceed, as in this case, which is equivalent to entering a *nol. pros.* as to the other charge."

In the case of *Wiborg* v. *United States,* 163 U. S. 632, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289, where the indictment was for violation of the neutrality laws, by carrying a military expedition or enterprise into Cuba, and in which it was claimed that the indictment was bad for duplicity in charging the doing of several acts in violation of the law, Chief Justice FULLER, delivering the opinion of the court, and commenting upon the instruction of the district judge to the effect that the evidence would not justify a conviction of anything more than providing the means for or aiding such military expedition, etc., said: "Under these circumstances, the verdict cannot be disturbed on the ground that more than one offense was included in the same count of the indictment. but it must be applied to the offense to which the jury were confined by the court,"—citing *Crain* v. *United States,* 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097.

It will be seen that in the trial of the present case the jury was confined to the one offense—that of mingling poison, defined in section 1331. There was sufficient statement in the indictment of what appellant did to give her information of the offense for which she was tried. Any error by reason of the charging of two offenses in the same count has been cured in this case by the arraignment, trial, and conviction of the appellant of the one offense.

It does not appear that the judgment in this case resulted in a miscarriage of justice, and we find no reversible error in the matter of pleadings or procedure.

*Affirmed.*